**SAMPSON et al. v. BRENNAN et al.**
No. 74.

District Court, W. D. Washington.
Aug. 3, 1939.

In view of the rulings by Judge Cushman of this court in Mason v. Sams, 5 F. 2d 255, and in Chief Peter Kalama et al. v. Brennan et al.,[1] Cause No. 598, Western District of Washington, Southern Division, order of November 3, 1937, plaintiffs' motion for temporary injunction herein will be granted. Plaintiffs' allegation of requisite jurisdictional amount is not controverted.

An order may be settled upon notice or stipulation.

### MAKAH INDIAN TRIBE et al. v. McCAULY et al.

#### No. 268.

District Court, W. D. Washington, N. D.

May 1, 1941.

Owen P. Hughes, of Tacoma, Wash., for plaintiffs.

G. W. Hamilton, Atty. Gen., and T. H. Little, Asst. Atty. Gen., for defendants.

BOWEN, District Judge.

This is an action against state officers for relief from their alleged unlawful acts under state laws asserted to be invalid because in conflict with plaintiffs' Indian fishing rights under an Indian treaty with the United States. The action is not one in its essential nature and effect against the state to enforce a state liability, and so is not repugnant to the Eleventh Amendment. Pennoyer v. McConnaughy, 140 U.S. 1, 10, 11 S.Ct. 699, 35 L.Ed. 363; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Ex parte New York, 256 U.S. 490, 500, 41 S.Ct. 588, 65 L.Ed. 1057. Plaintiff Indians being citizens of the United States, 8 U.S.C.A. § 3, may as other citizens employ counsel of their own choice. They may also in a federal court institute and prosecute an action to enforce their rights under the Constitution, laws or treaties of the United States. Deere v. New York, D.C., 22 F.2d 851. The motion to dismiss will be denied.

---

[1] No opinion for publication.